## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. GENERAL SERVICES<br>ADMINISTRATION,<br>1800 F Street NW<br>Washington, DC 20405<br><br>*and*<br><br>U.S. NATIONAL PARK SERVICE,<br>1849 C Street NW<br>Washington, DC 20240<br><br>*Defendants*. | Case No. 19-cv-288 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. General Services

Administration and the U.S. National Park Service under the Freedom of Information Act,

5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking

declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.     Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.     Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight will use the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.     Defendant the U.S. General Services Administration (GSA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. GSA has possession, custody, and control of the records that American Oversight seeks.

7.     Defendant the U.S. National Park Service (NPS) is a component of the U.S. Department of the Interior (DOI)—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in Washington, DC. NPS has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

8.     With President Trump and Congress at an impasse over the president's requested funding for a proposed wall along the U.S.-Mexico border, funding for several federal agencies,

including GSA, DOI, and NPS expired, causing those agencies to cease performing certain functions on December 22, 2018.

9.      Among the suspended functions were servicing and maintenance of many national parks, monuments, and other conservation and historical properties cared for by NPS. However, according to January 2, 2019 news reports, one of those NPS sites, the Old Post Office Tower at Trump International Hotel in Washington, DC, would reopen despite the lapse in appropriations, through funding reportedly provided by GSA.

*Agency Communications FOIAs*

10.      On January 3, 2019, American Oversight submitted FOIA requests to GSA and NPS seeking access to the following records:

> All records reflecting communications (including emails, email attachments, text messages, voicemails, voicemail transcripts, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, WhatsApp, Facebook messaging, Twitter Direct Messages, or Signal), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) of [certain] agency officials . . . concerning the operations of the Old Post Office Tower during the partial federal government shutdown that commenced on December 22, 2018[.]

11.      American Oversight requested that GSA provide records of the following agency officials:

- Political appointees in the following offices:
  - Office of the Administrator
  - Federal Acquisition Service
  - Public Buildings Service
  - Office of Communications and Marketing/Office of Strategic Communications
  - Office of the General Counsel
- The Regional Administrator for GSA's National Capitol Region

- Any GSA officials responsible for managing the lease agreement between the U.S. Government and Trump Old Post Office LLC,[1] and any supervisors of such GSA officials

12.     American Oversight requested that NPS provide records of the following agency officials:

- Any political appointees employed at NPS
- Any NPS officials responsible for managing the Old Post Office Tower site and their supervisors

13.     In each request, American Oversight clarified that "'[p]olitical appointee' should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a Non-career SES, any Schedule C employees, or any persons hired under Temporary Non-career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments."

14.     Each request further clarified that the request includes, but is not limited to, communications with any person at the White House Office (including anyone with an email address ending in @who.eop.gov).

15.     For each request, American Oversight requested all responsive records from December 15, 2018, through the date the search is conducted.

*Trump Organization Communications FOIAs*

16.     On January 3, 2019, American Oversight submitted FOIA requests to GSA and NPS seeking access to the following records:

All records reflecting communications (including emails, email attachments, text messages, voicemails, voicemail transcripts, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, WhatsApp, Facebook messaging, Twitter Direct Messages, or Signal), telephone call logs, calendar invitations,

---

[1] American Oversight provided the following reference and hyperlink to the relevant lease agreement: General Services Administration, *Ground Lease, By and Between The United States of America (as "Landlord") and Trump Old Post Office LLC (as "Tenant") (GS-LS-11-1307), Aug. 5, 2013*, www.gsa.gov/portal/content/305477.

calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between or among [certain] agency officials and anyone representing or employed by the Trump Organization or its affiliates (including anyone communicating from an email address ending with @trumporg.com, @trump.com, @trumphotels.com, @ijkfamily.com)[.]

17.     American Oversight requested that GSA provide records of the following agency officials:

- Political appointees in the following offices:
    - Office of the Administrator
    - Federal Acquisition Service
    - Public Buildings Service
    - Office of Communications and Marketing/Office of Strategic Communications
    - Office of the General Counsel
- The Regional Administrator for GSA's National Capitol Region
- Any GSA officials responsible for managing the lease agreement between the U.S. Government and Trump Old Post Office LLC,[2] and any supervisors of such GSA officials

18.     American Oversight requested that NPS provide records of the following agency officials:

- Any political appointees employed at NPS
- Any NPS officials responsible for managing the Old Post Office Tower site and their supervisors

19.     In each request, American Oversight clarified that "'[p]olitical appointee' should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a Non-career SES, any Schedule C employees, or any persons hired under Temporary Non-career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments."

---

[2] American Oversight again provided a reference and hyperlink to the relevant lease agreement.

20.     For each request, American Oversight requested all responsive records from

December 15, 2018, through the date the search is conducted.

*Funding Records and Analysis FOIAs*

21.     On January 3, 2019, American Oversight submitted FOIA requests to GSA and

NPS seeking access to the following records:

- All records regarding the source of funds for the operations of the Old Post Office Tower during the partial government shutdown that commenced on December 22, 2018.

- All records reflecting any legal analysis or determination regarding the impact of the lapse of appropriations on the operations of the Old Post Office Tower.

22.     For each request, American Oversight requested all responsive records from

December 15, 2018, through the date the search is conducted.

*Subsequent Communications with GSA*

23.     GSA assigned the Agency Communications FOIA tracking number GSA-2019-

00464.

24.     GSA assigned the Trump Organization Communications FOIA tracking number

GSA-2019-00465.

25.     GSA assigned the Funding Records and Analysis FOIA tracking number GSA-

2019-00466.

26.     By email dated January 10, 2019, GSA sought clarification regarding the Trump

Organization Communications FOIA. American Oversight responded with the requested

information the same day.

27.     American Oversight has received no further communications from GSA regarding

any of these FOIA requests.

*Subsequent Communications with NPS*

28.     On January 3, 2019, American Oversight received an automated email response from NPS's FOIA Office email address, indicating that American Oversight's FOIA requests had been successfully transmitted to that email address.

29.     By email dated January 28, 2019, NPS acknowledged receipt of American Oversight's FOIA requests, aggregating the three requests under a single tracking number NPS-2019-00393.

30.     NPS also sought further information concerning American Oversight's request for a waiver of fees associated with the processing of the three FOIA requests. NPS stated that it did not believe American Oversight had "provide[d] sufficient justification to qualify for a fee waiver under the Department's FOIA regulations (43 CFR 2.48)," and requested that American Oversight provide further information "[t]o assist [NPS] in making a decision on your request for a fee waiver."

31.     American Oversight responded by email on January 29, 2019, providing a detailed explanation of how the information provided in its requests satisfied the relevant regulation, and also providing further information in support of its request for a fee waiver.

32.     American Oversight has received no further communications from NPS regarding any of these FOIA requests.

*Exhaustion of Administrative Remedies*

33.     As of the date of this complaint, Defendants have failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

34.     Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

35.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

36.     American Oversight properly requested records within the possession, custody, and control of Defendants.

37.     GSA and NPS are subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

38.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

39.     Defendants' failure to conduct an adequate search for responsive records violates FOIA and the agencies' regulations.

40.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

41.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

42.     American Oversight properly requested records within the possession, custody, and control of Defendants.

43.     GSA and NPS are subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

44.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

45.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

46.     Defendants' failure to provide all non-exempt responsive records violates FOIA and the agencies' regulations.

47.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable
attorneys' fees and other litigation costs reasonably incurred in this action, pursuant
to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: February 5, 2019

Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003

*/s/ Katherine M. Anthony*
Katherine M. Anthony
MA Bar No. 685150*
*Pro hac vice* motion to be submitted

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3918
cerissa.cafasso@americanoversight.org
katherine.anthony@americanoversight.org
john.bies@americanoversight.org

*Member of the MA bar only; practicing in the
District of Columbia under the supervision of
members of the D.C. Bar while application for
D.C. Bar membership is pending.

*Counsel for Plaintiff*